

THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
F I L E D

AUG 6  1970

PATRICIA D. HOWARD,
CLERK OF THE PANEL

IN RE SAN JUAN, PUERTO RICO AIR      )
CRASH DISASTER LITIGATION            )

DOCKET NO. 47

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH
S. LORD, III, AND STANLEY A. WEIGEL*, JUDGES OF THE PANEL

PER CURIAM

On April 30, 1970, the United States filed a motion to transfer certain actions in which it was a defendant to the District of Puerto Rico for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407. Puerto Rican International Airlines (PRINAIR) then requested that several additional actions in which the United States was not a party also be considered for transfer under section 1407. A total of 27 actions are now pending in five different district courts. See Schedule A. All arise from the Puerto Rican International Airlines crash near San Juan, Puerto Rico, on March 5, 1969 in which twenty persons were killed.

All parties agree that the transfer of these actions to the District of Puerto Rico for coordinated or consolidated

---

* Although he was unable to attend the May 22, 1970 hearing in Washington, D. C., Judge Weigel has, with the consent of all parties, participated in this decision.

pretrial proceedings will promote the just and efficient conduct of this litigation and will serve the convenience of the parties and their witnesses. We are satisfied that there are substantial common questions of fact relating to the cause of the crash to justify the transfer of all related actions to the District of Puerto Rico under Section 1407.

Certain plaintiffs urge that these proceedings be limited to discovery relating to liability and that issues relating to damages be left to the transferor courts. We will not so restrict the transferee judge for we think it more conducive to effective judicial management to allow him to determine which issues are appropriate for coordinated or consolidated pretrial proceedings and which should be reserved for further proceedings following remand.[1]

One of the plaintiffs, while favoring transfer under 1407, makes the unusual request that we provide in our order "for the payment by the United States Government of the necessary travel expenses incurred by counsel . . . in connection with pretrial discovery proceedings". Counsel for the plaintiff conceded at oral argument that in the absence of

---

[1] We expect that discovery as to damages, if permitted at all, would be limited to "damage interrogatories" and we think it inconceivable, as was suggested during oral argument, that medical witnesses residing in Pennsylvania would be required in this or any similar situation to appear in a foreign jurisdiction for deposition purposes.

transfer he would undoubtedly be required to travel to Puerto Rico for depositions and other discovery in order to properly prepare his case for trial. It would seem then that his real concern is the possibility that frequent trips to Puerto Rico could be required for motion practice, pretrial conferences and other matters which would not be necessary if the actions are not transferred. Although we share counsels' concern over the high cost of travel to Puerto Rico, we are confident that pretrial proceedings will be scheduled and conducted so that such trips will be kept to the minimum necessary for the proper conduct of this multidistrict litigation.[2/]

Due to the already heavy docket in the District of Puerto Rico and the declared preference of both judges of that district not to participate in this litigation to avoid any possible conflict of interest, we have found it necessary to make arrangements for an outside judge to conduct these pretrial proceedings. With the typically fine cooperation of all involved, Judge Edward Weinfeld of the Southern District of New York has been temporarily designated to serve in the District of Puerto Rico for the purpose of conducting coordi-

---

[2/] Expenses can be reduced by following a procedure frequently employed in the *Electrical Equipment Cases* which permits an attorney who does attend depositions to make full use of them. *Manual for Complex and Multidistrict Litigation,* section 2.31. See, also, Footnote 3, *infra*.

- 4 -

nated or consolidated pretrial proceedings in this multi-district litigation.[3]

IT IS THEREFORE ORDERED that the actions listed on Schedule A pending in other districts be and they are hereby transferred to the District of Puerto Rico and with the written consent of that court all related actions are assigned to the Honorable Edward Weinfeld for coordinated or consolidated pretrial proceedings under section 1407.

---

[3] Where it is appropriate to transfer litigation to a district with an unusually heavy caseload, it is frequently necessary to secure an outside judge to conduct coordinated or consolidated pretrial proceedings. See, for example, In re *Seeburg-Commonwealth United Litigation,* ___ F. Supp. ___ and In re *Silver Bridge Disaster Litigation,* ___ F. Supp. ___ (JPML 1970). It is then sometimes appropriate for the transferee judge to conduct certain proceedings in his own district. Such a procedure might be useful in this litigation.

SCHEDULE A                                                          DOCKET NO. 47

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Great American Insurance Co., etc. v. United States of America | Civil Action No. 70 Civ 1008 |

## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Donna Marie Jafolla, etc. v. United States of America | Civil Action No. 70-608 |

## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Michael J. Hudacek, etc. v. United States of America | Civil Action No. 70-55 |
| Michael J. Hudacek, etc. v. United States of America | Civil Action No. 70-56 |
| First National Bank of Wilkes-Barre, Pa. v. United States of America | Civil Action No. 70-59 |
| First National Bank of Wilkes-Barre, Pa. v. United States of America | Civil Action No. 70-60 |
| Michael J. Hudacek, etc. v. Puerto Rico International Airlines, Inc., et al. | Civil Action No. 70-57 |
| Michael J. Hudacek, etc. v. Puerto Rico International Airlines, Inc., et al. | Civil Action No. 70-58 |
| First National Bank of Wilkes-Barre, Pa. v. Puerto Rico International Airlines, Inc., et al. | Civil Action No. 70-61 |
| First National Bank of Wilkes-Barre, Pa. v. Puerto Rico International Airlines, Inc., et al. | Civil Action No. 70-62 |
| Michael J. Hudacek, etc. v. Puerto Rico International Airlines, Inc., et al. | Civil Action No. 70-78 |
| Michael J. Hudacek, etc. v. Puerto Rico International Airlines, Inc., et al. | Civil Action No. 70-79 |
| First National Bank of Wilkes-Barre, Pa. v. Puerto Rico International Airlines, Inc., et al. | Civil Action No. 70-76 |
| First National Bank of Wilkes-Barre, Pa. etc. v. Puerto Rico International Airlines, Inc., et al. | Civil Action No. 70-77 |

SCHEDULE A — 2 —  DOCKET NO. 47

## DISTRICT OF PUERTO RICO

| | |
|---|---|
| Donna Marie Jafolla, etc. v. Puerto Rican International Airlines, Inc., et al. | Civil Action No. 104-70 |
| Donna Marie Jafolla, etc. v. Puerto Rican International Airlines, Inc., et al. | Civil Action No. 105-70 |
| Martin M. Pollock, etc. v. Puerto Rico International Airlines, Inc., et al. | Civil Action No. 114-70 |
| Yutaka Ohashi, etc. v. Puerto Rican International Airlines, Inc., et al. | Civil Action No. 125-70 |
| Clifford W. Bergere, etc. v. Puerto Rican International Airlines, Inc., et al. | Civil Action No. 126-70 |
| Evelyn M. Blanchard, etc. v. Puerto Rican International Airlines, Inc., et al. | Civil Action No. 127-70 |
| Edith Robinson Mueller v. Puerto Rico International Airlines, Inc., et al. | Civil Action No. 139-70 |
| Carlos F. Montilla, etc. v. United States of America | Civil Action No. 102-70 |
| Marie Teresa Pando Gonzalez, etc. v. United States of America | Civil Action No. 236-70 |
| First National Bank of Wilkes-Barre, Pa. v. Puerto Rico International Airlines, Inc., et al | Civil Action No. 120-70 |
| First National Bank of Wilkes-Barre, Pa. v. Puerto Rico International Airlines, Inc., et al | Civil Action No. 121-70 |
| Bienvenido Reyes, et al v. United States Aviation Underwriters, Inc. | Civil Action No. 152-70 |
| Kirchoff v. Puerto Rico International Airlines, and Great American Insurance Co. | Civil Action No. 161-70 |